```
         UNITED STATES DISTRICT COURT
             DISTRICT OF MINNESOTA
         Criminal No. 11-305(6)(DSD/LIB)
```

United States of America,

       Plaintiff,

v.                                         **ORDER**

Lawrence Lalonde Colton,

       Defendant.

This matter is before the court upon the motion by defendant Lawrence Lalonde Colton to dismiss the indictment with prejudice based on the Speedy Trial Act pursuant to <u>Zedner v. United States</u>, 547 U.S. 489 (2006). Based on a review of the file, record and proceedings herein, the motion is denied.

**BACKGROUND**

A grand jury indicted Colton for conspiracy to distribute oxycodone, oxymorphone and heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846, and aiding and abetting distribution of oxycodone, oxymorphone, hydrocodone and heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2. Colton first appeared in court on September 28, 2011. ECF No. 52. On November 8, 2011, the court granted Colton's motion to extend deadlines to file pretrial motions and excluded the time under the Speedy Trial Act. <u>See</u> ECF Nos. 381, 436. Colton scheduled a change-of-plea hearing for December 6, 2011. <u>See</u> ECF.

No. 531. On the day of the hearing, Colton changed his mind, and the hearing was cancelled. See ECF No. 549. Thereafter, Colton filed pretrial motions, and the court disposed of those motions on January 12, 2011.

On February 15, 2012, Colton again scheduled a change-of-plea hearing for the next day and again changed his mind the day of the hearing. The court held a status conference on February 16, 2012. The United States said that it would seek a superseding indictment. Colton's counsel then asked that the March 5, 2012, trial date be continued for three months to allow preparation of voluminous discovery, including a large amount of video data, computer downloads and numerous coconspirators and witnesses. Colton also acknowledged his speedy-trial rights and asked the court to continue the trial to give his counsel time adequately to prepare.[1] The court agreed, and continued the trial to June 18, 2012. On February 22, 2012, the grand jury returned a six-count, superseding indictment against Colton.

Thereafter, Colton, via counsel, demanded that his attorney withdraw from the case. The court granted the motion and appointed replacement counsel. On June 7, 2012, Colton moved to continue the trial based on the volume of information and the need to prepare adequately. On June 19, 2012, the court held a status conference,

---

[1] Colton followed his request with a letter on April 9, 2012, again requesting exclusion of time until June 18, 2012. ECF No. 746.

and continued the trial to August 13, 2012, to give replacement counsel adequate time to prepare for trial given the terabytes of data and voluminous record.  On August 1, 2012, Colton moved to dismiss the superseding indictment based on the Speedy Trial Act.

## DISCUSSION

The Speedy Trial Act requires the government to commence trial of a federal criminal defendant within 70 days after the defendant is charged or makes an initial appearance.  18 U.S.C. § 3161(c)(1). The court must dismiss the indictment on the motion of the defendant if the defendant is not brought to trial within the seventy-day period defined by the Act.

The Act excludes certain periods of delay, including "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  Id. § 3161(h)(1)(D); see United States v. Herbst, 666 F.3d 504, 509 (8th Cir. 2012).  "[D]elay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" is also excluded.  18 U.S.C. § 3161(h)(1)(H).

Time may also be excluded for delay resulting from a continuance granted "at the request of the defendant or his counsel ... if the judge granted such continuance on the basis of his

3

findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Such delay is only excluded when "the court sets forth, in the record of the case, either orally or in writing," the reasons for its finding. Id. The court considers several factors when determining whether to grant a continuance under § 3161(h)(7)(A) including "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation ... for the trial itself within the time limits" of the Act. Id. § 3161(h)(7)(A).

In the present case, Colton argues that delay caused by the continuance of trial from March 5, 2012, until June 18, 2012, should not be excluded because the court "did not put on the record the reasons for the finding that the ends of Justice were served by the continuance." Def.'s Mot. 2. The court disagrees. At the February 16, 2012, hearing and status conference, both parties discussed with the court the large volume of discovery, substantial electronic and video data, large number of codefendants and the impending superseding indictment that would add a charge under 21 U.S.C. § 859. Further, Colton acknowledged his right to a speedy trial and told the court that he wanted a continuance to adequately prepare for trial. The court was familiar with the large volume

and broad scope of the case as it had overseen many change-of-plea hearings by codefendants. Having balanced all of these factors against the interest of Colton and the public in a speedy trial, the court granted the continuance. As a result, the period from March 5 through June 18, 2012, is properly excluded under the Speedy Trial Act.

Moreover, even if the hearing record provides insufficient detail as to the reasons for the continuance, the Speedy Trial Act does not require the court to place its ends-of-justice finding on the record at the same time that it grants a continuance.[2] United States v. Bloate, 534 F.3d 893, 899 (8th Cir. 2008) (citing Zedner v. United States, 547 U.S. 489, 506-07 (2006)), rev'd on other grounds, 130 S. Ct. 1345 (2010); United States v. Stackhouse, 183 F.3d 900, 901 (8th Cir. 1999) (per curiam) ("Contemporaneity is not required, however, and a subsequent articulation suffices."); United States v. Clifford, 664 F.2d 1090, 1095 (8th Cir. 1981) ("While a court generally should make the findings required by section 3161(h)(8)(A) [now secion 3181(h)(7)(A)] at the time it grants the continuance, the Speedy Trial Act does not require the court to make a contemporaneous record." (citation omitted)); accord United States v. Wasson, 679 F.3d 938, 945-48 (7th Cir.

---

[2] The court notes that the best practice "is for a district court to put its findings on the record at or near the time when it grants the continuance." Zedner v. United States, 547 U.S. 489, 507 n.7 (2006).

2012); States v. Mallory, 461 F. App'x 352, 359-60 (4th Cir. 2012); United States v. Napadow, 596 F.3d 398, 404-06 (7th Cir. 2010).

Here, the court stated its findings and reason for granting the continuance in its order dated August 9, 2012. ECF No. 952. Specifically, the court found that the complexity of the case required additional time for Colton's counsel to prepare for trial. Id. Therefore, Colton's argument fails, and the delay resulting from the continuance of trial from March 5 to June 18, 2012, is properly excluded.[3]

Having determined that the challenged period is properly excluded, the court considers whether the Speedy Trial Act has been violated in this case. Due to the numerous motions and continuances in this multi-defendant case, many overlapping excludable periods apply, and the court recites only those necessary to determine whether more than seventy non-excludable days will have passed as of August 13, 2012.

The seventy-day clock began to run on September 28, 2011, when Colton first appeared before the court. 18 U.S.C. § 3161(c)(1). The following periods of delay are excluded under subsection (h)(1)(D): September 28, 2011, for a motion for temporary detention; October 3, 2011, for a motion for detention; October 7

---

[3] The same holds true for the continuance from June 18 to August 13, 2012, granted based on the same findings of complexity and the need for time adequately to prepare for trial after Colton demanded for new counsel.

through October 13, 2011, for a motion to extend the discovery deadline; and December 20, 2011, through January 5, 2012, for several motions for discovery.  The period from January 5 through January 12, 2012, is excluded under subsection (h)(1)(H), because the court had taken motions were under advisement on January 5 and disposed of them on January 12.  The periods from October 11 through December 20, 2011, and March 5 through August 13, 2012, are excluded under subsection (h)(7)(A) based on findings that the ends of justice served by granting a continuance outweighed the interest of Colton and the public in a speedy trial.  As a result, at most, fifty-nine non-excludable days will have elapsed as of August 13, 2012.  Therefore, Colton fails to show a violation of the Speedy Trial Act.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to dismiss [ECF No. 886] is denied.

Dated:  August 10, 2012

                                         s/David S. Doty
                                         David S. Doty, Judge
                                         United States District Court