UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 11-305(6)(DSD/LIB)

United States of America,

        Plaintiff,

v.                                              **ORDER**

Lawrence Lalonde Colton,

        Defendant.

This matter is before the court upon the pro se motion for judgment of acquittal and for a new trial by defendant Lawrence Lalonde Colton. Based on a review of the file, record and proceedings herein, and for the reasons stated, the court denies the motion.

On August 16, 2012, a jury found Colton guilty of conspiracy to distribute Oxycodone, Oxymorphone, Hydromorphone and Heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846, and three counts of distribution of Oxymorphone, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). After the government closed its evidence, Colton moved for judgment of acquittal. The court initially reserved decision on the motion, but once the jury returned its verdict, the motion was denied in a written order on August 17, 2012. See ECF No. 971.

Despite this previous motion made at trial by Colton's experienced and competent counsel, the court received a handwritten pro se motion from Colton captioned, "Defendant's Post-Trial Motion

for Judgment of Acquittal Pursuant to Rule 29(c) and or for a New Trial Pursuant to Rule 33(a)." ECF No. 1075.[1] Colton argues that he was improperly convicted and that the amended superseding indictment was fatally deficient and defective. As an initial matter, the court notes that it "has no obligation to entertain pro se motions filed by a represented party." Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001). Colton is represented by counsel, and this alone warrants dismissal of the motion.

Even if the court were to consider the motion, however, denial would be warranted. A motion for judgment of acquittal should be denied if, "after reviewing the evidence in the light most favorable to the government, there is substantial evidence justifying an inference of guilt as found irrespective of any countervailing testimony that may be introduced." United States v. Rodriguez, 812 F.2d 414, 416 (8th Cir. 1987) (citation omitted). "The jury's verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt." United States v. Maxwell, 363 F.3d 815, 817 (8th Cir. 2004). For the reasons set forth in the court's August 17, 2012, order, denial of this duplicitous motion would be warranted. See ECF No. 971.

---

[1] The motion states that defendant moves "by and through his attorney." The court notes, however, that this motion was not signed by counsel.

On a motion for a new trial, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "[T]he court must allow the verdict to stand unless a miscarriage of justice may have occurred." United States v. Coplen, 533 F.3d 929, 931 (8th Cir. 2008) (citation omitted). In the present case, after a careful review of the amended superseding indictment and the evidence adduced at trial, the court determines that no miscarriage of justice has occurred. Therefore, denial of Colton's motion for a new trial would also be warranted.

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion for a new trial and judgment of acquittal [ECF No. 1075] is denied.

Dated: October 25, 2012

s/David S. Doty
David S. Doty, Judge
United States District Court
