UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 11-305(6)(DSD/LIB)
Civil No. 15-1226(DSD)

United States of America,

       Plaintiff,

v.                                            **ORDER**

Lawrence Lalonde Colton,

       Defendant.

      Allen A. Slaughter, Jr., Assistant U.S. Attorney, 316 North Robert Street, Suite 404, St. Paul, MN 55101, counsel for plaintiff.

      Lawrence Lalonde Colton, #16069-041, FCI Milan, P.O. Box 1000, Milan, MI 48160, pro se.

This matter is before the court upon the pro se motion by defendant Lawrence Lalonde Colton to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.

**BACKGROUND**

In February 2012, Colton was indicted on six counts relating to the distribution of oxycodone, oxymorphone, hydromorphone, and heroin. United States v. Colton, 742 F.3d 345, 346-47 (8th Cir. 2014). The charges arose out of Colton's leadership of a drug

trafficking conspiracy in the Twin Ports area of Duluth, Minnesota and Superior, Wisconsin. Id. at 347. On July 16, 2012, the government filed an information under 28 U.S.C. § 851, notifying Colton that it intended to rely on two prior felony drug convictions to enhance his statutory maximum sentence in the event of a conviction. ECF No. 838. The government also notified Colton that it would use the convictions for impeachment at trial. ECF No. 837. Before trial, the government dismissed counts two and three of the superseding indictment, which charged Colton with conspiracy to distribute oxycodone, oxymorphone, and heroin, and distribution of controlled substances to a person under 21 years of age. ECF No. 958. The matter proceeded to a four-day jury trial in August 2012. Colton, 742 F.3d at 347.

Multiple co-conspirators testified at trial that Colton coordinated with others to purchase, transport, and distribute prescription drugs between his hometown of Detroit and the Twin Ports. Colton, 742 F.3d at 347. A special agent testified that law enforcement seized Colton's cell phone, which had been used to communicate with co-conspirators. Id. The special agent also stated that, between January 2010 and August 2011, Colton sent and received a total of $62,810 in wire transfers in connection with the conspiracy. Id. In addition to witness testimony, the

government introduced recordings of controlled buys between Colton and a confidential informant, as well as exhibits showing that the pills from those buys tested positive for oxymorphone. Id.

The government rested its case on August 15, 2012. ECF No. 967. Colton moved for judgment of acquittal, and the court took the motion under advisement. Id. Colton did not testify at trial. Trial Tr. 770:1-6. On August 16, 2014, Colton was convicted on all counts, and the court denied the motion for judgment of acquittal the next day. Colton, 742 F.3d at 348. Colton then filed a pro se motion for judgment of acquittal on September 26, 2012, which the court also denied. ECF Nos. 1075, 1078.

At the sentencing hearing, Colton objected to the drug quantity calculation set forth in the presentence investigation report (PSR). Colton, 742 F.3d at 348-49. He also objected to the PSR's application of a four-level enhancement for his leadership role and a two-level enhancement for obstruction of justice. Sent. Tr. at 2:18-23.  The court held an evidentiary hearing and overruled Colton's objections as to drug quantity and leadership role, but sustained his objection to the obstruction of justice enhancement. Id. at 39:4-42:16  The court then sentenced Colton to a 300-month term of imprisonment, varying downward from an advisory guideline range of 360 months to life. Id. at 42:19-43:16. Colton appealed, arguing that the evidence was insufficient to support his conviction and that the drug quantity was improperly calculated.

Colton, 742 F.3d at 348-49.  The Eighth Circuit affirmed.  Id. at 349.  On March 9, 2015, Colton filed a motion to vacate his sentence under § 2255, alleging ineffective assistance of counsel.

**DISCUSSION**

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court.  This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal.  United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).  When considering a § 2255 motion, a court may hold an evidentiary hearing.  See 28 U.S.C. § 2255(b).  A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted).  Here, no evidentiary hearing is required.

**I.   Ineffective Assistance of Counsel**

Colton raises five arguments in support of his ineffective assistance of counsel claim.  To prevail on a § 2255 motion based on ineffective assistance of counsel, Colton must meet both prongs

of the test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, Colton must show that his counsel's performance was so deficient that it was objectively unreasonable. Id. at 687-88. Because "[t]here are countless ways to provide effective assistance in any given case" and different attorneys "would not defend a particular client in the same way," the court reviews the performance of defense counsel with significant deference. Id. at 689. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. Second, Colton must demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694.

### A. Drug Quantity

Colton first argues that his counsel, Craig Cascarano, was ineffective for failing to properly challenge the drug quantity calculated in the PSR. This argument is contradicted by the record. Cascarano submitted objections to the preliminary presentence investigation report on October 15, 2012, arguing that Colton should be held responsible only for the drugs involved in the controlled buys in which he participated. See ECF No. 1214-1. Cascarano repeated this objection at sentencing and cross-examined the government's witness as to his method of calculating the drug quantity. See Sent. Tr. at 3:17-22, 24:4-25:23. Similar arguments were also raised and rejected on appeal. Colton, 742 F.3d at 348-

49. As a result, Colton has not established that Cascarano's performance fell below the deferential standard of reasonableness set forth in Strickland.[1]

Colton also argues that Cascarano failed to object to the standard of proof used in establishing the drug quantity, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). Under Apprendi, any fact that increases a penalty for a crime beyond the prescribed statutory maximum must be charged and proven beyond a reasonable doubt. Id. at 490. A judicially determined drug quantity is still permissible, however, "so long as it results in a sentence within the [statutory] maximum" for an indeterminate amount of the drug. United States v. Sheppard, 219 F.3d 766, 768 (8th Cir. 2000); see also United States v. Aguayo-Delgado, 220 F.3d 926, 933-34 (8th Cir. 2000). Because the government submitted an information establishing Colton's prior felony convictions, Colton was subject to a maximum sentence of thirty years. See 21 U.S.C. § 841(b)(1)(C). He was sentenced to 300 months' imprisonment - below the maximum. Apprendi therefore does not apply.

---

[1] Colton also argues that Cascarano was ineffective for failing to submit a position pleading regarding sentencing under Local Rule 83.10(e). The failure to comply with a local rule, however, cannot rise to a constitutional violation where, as here, defense counsel's performance was objectively reasonable and did not cause prejudice.

**B.    Judgment of Acquittal**

Colton next argues that Cascarano failed to properly move for a judgment of acquittal. The court will grant a motion for judgment of acquittal "only if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." United States v. Cacioppo, 460 F.3d 1012, 1021 (8th Cir. 2006) (citation and internal quotation marks omitted). Although Colton concedes that Cascarano moved for a judgment of acquittal, he argues that Cascarano did not adequately challenge the sufficiency of the evidence presented at trial. Specifically, Colton argues that Cascarano focused heavily on witness credibility rather than the lack of direct evidence to support the witnesses' testimony. This argument is without merit. "Either direct or circumstantial evidence properly may provide the basis for a conviction; there is no requirement that direct evidence be adduced at trial." United States v. Simon, 376 F.3d 806, 808 (8th Cir. 2004). As previously recognized by the court, the government offered overwhelming evidence as to Colton's guilt. As a result, Colton's lack of success on the motion for judgment of acquittal cannot be attributed to any deficiency on the part of Cascarano in raising the motion.

**C.    Confrontation Clause**

Colton next argues that he received ineffective assistance of counsel when Cascarano failed to object to the testimony of an

investigator regarding the alleged hearsay of a confidential informant (CI). Colton argues that, because the CI was not present at trial, the testimony violated his right to confront the witness. The confrontation clause "bars testimonial out-of-court statements against a defendant who has no opportunity to cross-examine the declarant." United States v. Young, 753 F.3d 757, 772 (8th Cir. 2014). "A confidential informant's statements to a law enforcement officer are clearly testimonial." United States v. Brooks, 645 F.3d 971, 977 (8th Cir. 2011) (citation and internal quotation marks omitted). In contrast, "casual statements to an acquaintance" and "statements to a coconspirator" are not. United States v. Lee, 374 F.3d 637, 644 (8th Cir. 2004).

Colton does not specifically identify the testimony at issue. See United States v. Beal, 279 F.3d 567, 571 (8th Cir. 2002) (noting that a court cannot review whether a hearsay statement violates the right to confrontation where the defendant "fail[s] to specify any particular hearsay statement to which he objects"). The government explains that Colton is referring to the testimony of Jarrod Blomdahl, an investigator with the Lake Superior Drug and Violent Crimes Task Force. At trial, Blomdahl testified that he observed controlled buys between CI's and either Colton or co-conspirators. Trial Tr. at 180:20-222:9. Recordings of those buys were submitted, which included dialogue regarding the purchase of drugs. Id. at 186:21-187:13, 205:4-23, 215:20-216:11. Blomdahl

summarized the dialogue at trial. See, e.g., id. at 207:1-14. Although these recordings implicated Colton as a participant in the controlled buys, the statements made in the recordings are not testimonial. For instance, in one recording, a CI states "You got a ten?" Id. at 186:22. In another, the CI asks "Do you have any yellows?" Id. at 209:8. Such statements are more akin to casual dialogue than a "solemn declaration or affirmation made for the purpose of establishing some fact." United States v. Honken, 541 F.3d 1146, 1160 (8th Cir. 2008) (quoting Crawford, 541 U.S. at 51). Even assuming these statements are testimonial, the government presented other significant evidence of Colton's guilt at trial. See United States v. Holmes, 620 F.3d 836, 844 (8th Cir. 2010) ("Evidence erroneously admitted in violation of the Confrontation Clause is harmless beyond a reasonable doubt as long as the remaining evidence is overwhelming."). Colton has therefore not established that Cascarano's failure to object to the testimony was either unreasonable or prejudicial.

**D.  Leadership Role**

Colton next argues that Cascarano failed to raise a Booker objection to the four-level enhancement for his leadership role under Guidelines § 3B1.1(a). Colton does not explain how the enhancement implicates Booker under these circumstances. He appears to claim that Cascarano should have argued for a sentence below the advisory range, rather than simply contend that Colton

9

was an average participant and not subject to the enhancement. To the extent Colton is challenging the effectiveness of Cascarano's objection, the argument fails. The record shows that Cascarano objected to and argued at sentencing that Colton was not subject to the enhancement.[2] Moreover, Colton's 300-month sentence was below the advisory range of 360 months to life. As a result, Cascarano's performance was not deficient.

### E. Prior Convictions

Lastly, Colton argues that Cascarano failed to properly challenge the government's use of his prior drug convictions to enhance his sentence under 21 U.S.C. § 851. Specifically, Colton contends that Cascarano should have objected to the use of these convictions under various evidentiary rules, and that no records were relied on to establish that he was convicted of the offenses. It is undisputed that the government provided sufficient notice of its intent to use the convictions, because the § 851 information was filed on July 16, 2012, almost one month before trial. ECF No. 838. Moreover, the government has provided copies of certified records confirming the prior convictions, which it claims were disclosed to Cascarano before trial. ECF No. 1223-1. Finally, Cascarano had no opportunity to object to the use of these

---

[2] Colton also argues that Cascarano was ineffective for failing to raise this issue on appeal. Given the overwhelming evidence adduced from the evidentiary hearing and at trial, the court finds that it was a reasonable strategic decision to forego the argument on appeal.

convictions at trial because they were never introduced. Although Colton argues that similar objections should have been made at sentencing, the Federal Rules of Evidence do not apply to sentencing proceedings. Fed. R. Evid. 1101(d)(3). Given the evidence establishing Colton's prior convictions, Cascarano reasonably decided not to argue against the use of the convictions to enhance Colton's sentence. See Clemons v. Armontrout, 921 F.2d 187, 191 (8th Cir. 1990) (noting that counsel's failure to raise a meritless argument cannot support an ineffective assistance claim). As a result, Cascarano's representation in this regard was not deficient.

**II.   Certificate of Appealability**

To warrant a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" requires the petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). The court is firmly convinced that Colton's motion is baseless, and that reasonable jurists could not differ on the results given the nature of his arguments. A certificate of appealability is not warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to vacate, set aside, or correct sentence [ECF No. 1213] is denied; and

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 30, 2015

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court